**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CRAIG HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00026-HEA |
| | ) | |
| TOMMY GREENWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Craig Hill for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted an "Account Transaction History." However, he has not filed a certified inmate account statement covering the preceding six-month period, as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. On March 11, 2022, plaintiff and another inmate filed a joint civil rights action under 42 U.S.C. § 1983. (Docket No. 1). Along with the complaint, the two inmates filed a jointly-signed motion for leave to proceed in forma pauperis and a jointly-signed motion for appointment of counsel. (Docket No. 2; Docket No. 3). Subsequently, plaintiff alone submitted an "Account Transaction History," a letter to the Clerk of Court, and a supplement containing additional allegations.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. As such, on May 20, 2022, the Court struck the second inmate from the instant action, and directed that a new case be opened for him. (Docket No. 8). The Court further noted that this matter would proceed with plaintiff only.

### The Complaint and Subsequent Filings

Plaintiff's complaint is handwritten on a Court-provided 42 U.S.C. § 1983 complaint form. It names as defendants Sheriff Tommy Greenwell, Chief Tony Jones, and two unknown insurance companies that supposedly insure Greenwell and Jones. (Docket No. 1 at 2-3). Defendants are sued in both their official and individual capacities.

The complaint contains broad allegations regarding violations of the First and Fourteenth Amendments due to a purported denial of access to the courts. In particular, plaintiff states that the "Pemiscot County Police Department and Caruthersville Police Department" has violated his constitutional rights with regard to information "produce[d] to the department on the murder of Mark Fulleton." (Docket No. 1 at 5). More specifically, he asserts that law enforcement "has covered up leads and information" regarding the "murder case" that he has provided to them. (Docket No. 1 at 6). Plaintiff thus concludes that Pemiscot County and Caruthersville law enforcement is corrupt, and is conspiring to "discriminate" against him.

Plaintiff does not describe any injuries in the complaint. (Docket No. 1 at 5). Nevertheless, based on these facts, plaintiff seeks $50,000,000 in damages for this "hate crime," discrimination, harassment, slander, and tampering with a witness. (Docket No. 1 at 7).

On April 11, 2022, the Court received a document titled "Amendment." (Docket No. 4). In this document, plaintiff asserts that the insurers of defendants Greenwell and Jones "engaged in unconstitutional [policies] that empower[ed]" Greenwell and Jones to violate state and federal

laws. (Docket No. 4 at 2). Though unclear, it appears that plaintiff believes that Greenwell and Jones have somehow covered up or ignored information that he has provided about Mark Fulleton's murder. (Docket No. 4 at 3). He wants "this civil rights action" to "be granted," and for the murder investigation to be turned over to the FBI. (Docket No. 4 at 4). Plaintiff states that he has been "punished" and "torture[d]" due to the information he has, and that false charges have been manufactured to keep him from telling the FBI what he knows.

On May 13, 2022, plaintiff submitted a document titled "Petition to Stop Unconstitutional Conduct and Tampering With Medical Treatment." (Docket No. 7). In this document, plaintiff explains that he "has been diagnosed with schizophrenia and a[n] unknown psychosis," and that despite this illness, he is being housed at the Pemiscot County Jail. (Docket No. 7 at 1). He accuses defendant Greenwell of "withholding life treating treatment to a diagnosed illness," which he identifies as dystonia. (Docket No. 7 at 1-2). There is no indication, however, as to what Greenwell has done or failed to do to put plaintiff in danger. Plaintiff has also attached an "Affidavit" to the document, in which he complains about the performance of his attorney, and accuses Greenwell of "tampering with federal mail." (Docket No. 7 at 4-5).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that the complaint is deficient and subject to dismissal. However, plaintiff will be given the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for five reasons. First, the complaint contains claims brought on behalf of both plaintiff and another inmate. However, plaintiff does not have standing to bring claims for other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person).

Second, plaintiff's official capacity claims are treated as being made against defendants' employers, which are Pemiscot County and Caruthersville, respectively. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). However, plaintiff has failed to state a claim against either municipality. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that liability may attach if a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Third, plaintiff has not stated individual capacity claims against defendants Greenwell and Jones, because he has not demonstrated their personal responsibility for any constitutional violation. Establishing 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiff makes no effort to present facts connecting either Greenwell or Jones to a constitutional violation.

Fourth, as to the two unnamed insurers, plaintiff has not shown that they are state actors, or that they took any action violative of the constitution. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th

Cir. 2010) (explaining that to assert a 42 U.S.C. § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right").

Finally, plaintiff has inappropriately joined together unrelated claims encompassing access to the courts and healthcare, among other things. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id*. As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, plaintiff has attempted to join unrelated claims, which he will not be allowed to do.

Despite the deficiencies in his complaint, the Court will not dismiss it at this time. Instead, plaintiff will be given the opportunity to amend his pleadings according to the instructions set forth below. **In preparing his amended complaint, plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of his claims**.

**B. Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

**The Court will not allow plaintiff to join unrelated claims in his amended complaint**. Thus, the amended complaint should only include claims that arise out of the same transaction or occurrence. **In other words, plaintiff should only include claims that are related to each other**. *See* Fed. R. Civ. P. 20(a)(2).

As noted above, plaintiff's complaint contains very different allegations. Specifically, he asserts a violation of his First and Fourteenth Amendment rights to access the courts. In a later supplement, however, he contends that he is not receiving appropriate healthcare. These two

claims are not related, and the Court will not permit plaintiff to join them in a single lawsuit without showing that the right to relief asserted against all the defendants arise out of the same transaction or occurrence. **If plaintiff insists on attempting to join unrelated claims, those unrelated claims will be dismissed**. However, if plaintiff has multiple claims against a **single** defendant, he may name that person and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is

not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity

of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court notes that plaintiff's complaint is deficient, and that he is being ordered to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

11

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this  13th day of  June, 2022.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE