UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CRAIG HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00026-HEA |
| ) | |
| TOMMY GREENWELL, et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On June 13, 2022, the Court ordered plaintiff Craig Hill to file an amended complaint within thirty days. (Docket No. 9). Plaintiff was advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. More than thirty days have elapsed, and plaintiff has not responded. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. On March 11, 2022, plaintiff and another inmate filed a joint civil rights action under 42 U.S.C. § 1983. (Docket No. 1). Along with the complaint, the two inmates filed a jointly-signed motion for leave to proceed in forma pauperis and a jointly-signed motion for appointment of counsel. (Docket No. 2; Docket No. 3). Subsequently, plaintiff alone submitted an "Account Transaction History," a letter to the Clerk of Court, and a supplement containing additional allegations.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. As such, on May 20, 2022, the Court struck the second inmate from the instant action, and directed that a new case be opened for him. (Docket No. 8). The Court further noted that this matter would proceed with plaintiff only.

On June 13, 2022, the Court granted plaintiff's motion for leave to proceed in forma pauperis, assessed an initial partial filing fee, denied his motion for appointment of counsel, and directed him to file an amended complaint. (Docket No. 9). The Court provided plaintiff with instructions on how to properly amend, and ordered the Clerk of Court to send him a copy of the Court's prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

As set forth above, the Court ordered plaintiff to file an amended complaint on June 13, 2022. He was given thirty days to respond, and warned that a failure to submit an amended complaint would result in the dismissal of this action. The amended complaint was due on or before July 13, 2022. The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to comply. Despite being given additional time, plaintiff has not filed an amended complaint, nor sought an extension of time in which to do so.

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil

Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's June 13, 2022 order to submit an amended complaint, and because he has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of June 13, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of July, 2022.

                                                    HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE