**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| CRAIG HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 1:22-cv-00026-HEA |
| | ) |
| TOMMY GREENWELL, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on a document submitted by plaintiff Craig Hill that has been construed as a motion to reopen this case. (Docket No. 14). For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. On March 11, 2022, plaintiff and another inmate filed a joint civil rights action under 42 U.S.C. § 1983. (Docket No. 1). Along with the complaint, the two inmates filed a jointly-signed motion for leave to proceed in forma pauperis and a jointly-signed motion for appointment of counsel. (Docket No. 2; Docket No. 3). Subsequently, plaintiff alone submitted an "Account Transaction History," a letter to the Clerk of Court, and a supplement containing additional allegations.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. As such, on May 20, 2022, the Court struck the second inmate from the instant action, and directed that a new case be opened for him. (Docket No. 8). The Court further noted that this matter would proceed with plaintiff only.

On June 13, 2022, the Court granted plaintiff's motion for leave to proceed in forma pauperis, assessed an initial partial filing fee, denied his motion for appointment of counsel, and directed him to file an amended complaint. (Docket No. 9). The Court provided plaintiff with instructions on how to properly amend, and ordered the Clerk of Court to send him a copy of the Court's prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

Plaintiff did not submit an amended complaint as ordered. Thus, on July 27, 2022, the Court dismissed this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Docket No. 11). On August 19, 2022, mail sent to plaintiff containing the order of dismissal was returned as undeliverable. (Docket No. 13).

On December 5, 2022, plaintiff filed the instant motion. (Docket No. 14).

## The Motion

In his motion, plaintiff states that he "is requesting a 1983 civil [suit] form and also [an] update" on his case. Though he requests an update, he nevertheless acknowledges knowing that the Court "granted the right to [amend] his 1983 civil complaint," based on his allegations that "county/city" officials are "interfering [and] tampering with mail." He also states that "life treating" medication is being withheld, though he does not elaborate in any way.

Plaintiff notes that he has "the right to be free from fear of his life while [filing] his amendment," and that he "had a mental breakdown while house[d] in jail and [has] not [received] any mail." Despite this, he expresses knowledge regarding the Court's prior deadline for him to

2

amend his complaint, and requests "the right to reopen [the] deadline." Plaintiff has not signed the motion.[1]

### Discussion

Plaintiff is a self-represented litigant who has filed an unsigned document construed as a motion to reopen his closed case. Following review of the motion, the Court finds that plaintiff has not demonstrated that it should be granted.

To begin, plaintiff suggests that his mail has been tampered with, and that he has not received any mail. Nevertheless, he acknowledges knowing that he was ordered to amend his complaint, that the deadline to amend has passed, and that his case has been closed. Furthermore, he has not presented any facts establishing that mail tampering has actually occurred. Instead, the Court is presented with an unsupported conclusion, which is not entitled to the presumption of truth. If it were, the Court's deadlines would have no meaning.

Plaintiff also states that he had a mental breakdown, but again does not provide any facts as to what this means, how it affected him, and how it kept him from complying with the Court's order.

Beyond these deficiencies, plaintiff provides no timelines for when any alleged mail tampering or breakdown occurred. That is, he does not give any indication as to how long he did not receive mail, or how long his purported breakdown lasted. This is important, because it has been well over five months since plaintiff was ordered to file an amended complaint, and over four months since this case has been dismissed. Indeed, the motion to reopen is the first contact plaintiff has had with the Court since the submission of a supplement on May 20, 2022. (Docket No. 8).

---

[1] *See* Fed. R. Civ. P. 11(a): "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.

Given the amount of time that has elapsed since the Court's dismissal of this action, plaintiff's acknowledgment that he knew about the Court's deadline for him to amend, and the general absence of supporting facts for his assertions, plaintiff has not convinced the Court that his case should be reopened. Therefore, the motion will be denied.

The Court notes that the dismissal of plaintiff's case on July 27, 2022 was without prejudice, and that he is able to file another case if he so desires. Furthermore, the Court will direct the Clerk of Court to send to plaintiff a copy of the Court's prisoner civil rights complaint form, as he requested.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen case (Docket No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

Dated this  8th  day of  Deember, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4